THE STATE OF OHIO, APPELLEE, *v.*
MOLLENKOPF, APPELLANT.

(No. 1259—Decided December 10, 1982.)

*Mr. Dan J. Weisenburger,* assistant prosecutor, for appellee.

*Mr. William G. Simon,* for appellant.

DAHLING, J. This is an appeal from a judgment of the Portage County Municipal Court wherein defendant-appellant, Merle Mollenkopf, was convicted of telephone harassment, in violation of R.C. 2917.21(A)(5).

The evidence showed that appellant telephoned a neighbor, Carolyn Donnette, about 3 a.m. on December 11, 1981, after having been told some four months earlier not to telephone the Donnette residence again. Upon his conviction, defendant was sentenced to thirty days in jail and the jail sentence was suspended providing there were no similar offenses for one year.

The appellant has presented the following assignment of error for review.

"R.C. 2917.21(A)(5) which makes it a crime for a person to call a premises, having been previously told by anyone at that premises not to call, is impermissibly vague in its application and, therefore, unconstitutional."

The assigned error is without merit.

R.C. 2917.21 provides in part:

"(A) No person shall knowingly make or cause to be made a telephone call, or knowingly permit a telephone call to be made from a telephone under his control, to another, if the caller does any of the following:

"* * *

"(5) Knowingly makes the telephone call to the recipient of the telephone call, to another person at the premises to which the telephone call is made, or to the premises to which the telephone call is made, and the recipient of the telephone call, or another person at the premises to which the telephone call is made, has previously told the caller not to call the premises to which the telephone call is made or not to call any persons at the premises to which the telephone call is made."

In order to withstand a challenge that it is unconstitutionally vague, a statutory prohibition must be clearly defined and it must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, 108. The Constitution does not require impossible standards of certainty, and requires only that a statute give "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States* v. *Petrillo* (1947), 332 U.S. 1, 8; *Constantino* v. *State* (1979), 243 Ga. 595, 255 S.E. 2d 710, certiorari denied, 444 U.S. 940.

"The gravamen of the offense is the thrusting of an offensive and unwanted communication on one who is unable to ignore it." *People* v. *Weeks* (Colo. 1979), 591 P. 2d 91, 96. On this theory, the Colorado courts and other state courts have upheld telephone harassment statutes as being sufficiently precise to withstand constitu-

tional challenges. See *Constantino* v. *State, supra*; *State* v. *Zeit* (Ore. App. 1975), 539 P. 2d 1130. See, generally, Annotation, 95 A.L.R. 3d 411.

The statute in question gave defendant sufficient notice that he was prohibited from calling the complainant's residence after having been told not to call there.

*Judgment affirmed.*

HOFSTETTER, P.J., and COOK, J., concur.