The STATE of Ohio, Appellee,

v.

HADDIX, Appellant.

[Cite as *State v. Haddix* (1994), 92 Ohio App.3d 221.]

Court of Appeals of Ohio,
Butler County.

No. CA93–06–113.

Decided Jan. 18, 1994.

222

*John F. Holcomb*, Butler County Prosecuting Attorney, and *John J. McCracken*, Assistant Prosecuting Attorney, for appellee.

*Richard J. Wessel* and *Fred Miller*, for appellant.

JONES, Presiding Judge.

On October 21, 1992, defendant-appellant, Huel Haddix, was indicted by the Butler County Grand Jury on one count of engaging in a pattern of corrupt activity, five counts of receiving stolen property, and one count of possession of a motor vehicle or part thereof with a concealed identity in violation of R.C. 2923.32(A)(1), 2913.51, and 4549.62(D)(1).

Appellant moved to suppress evidence seized by police during a search of his residence. Appellant also moved to dismiss his indictment for engaging in a pattern of corrupt activity. The trial court denied both motions. In May 1993, appellant entered a no contest plea. The trial court convicted appellant of all of the offenses on which he was indicted. Appellant now appeals, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant-appellant in overruling his motion to dismiss the indictment.

"Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant-appellant when it overruled his motion to suppress."

In his first assignment of error, appellant challenges the constitutionality of R.C. 2923.32(A)(1), which provides:

"No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

■ Appellant first argues that R.C. 2923.32(A)(1) is unconstitutional because it does not set forth a specific degree of mental culpability. We disagree. The *mens rea* necessary to establish the offense of engaging in a pattern of corrupt activity is the same as that of the individual predicate offenses with which the defendant is charged. *State v. Thrower* (1989), 62 Ohio App.3d 359, 371–372, 575 N.E.2d 863, 871–872. Therefore, appellant's contention that R.C. 2923.32(A)(1) is unconstitutional because it fails to specify a separate degree of *mens rea* is without merit.

■ Appellant next argues that R.C. 2923.32(A)(1) is unconstitutionally vague. The relevant inquiry an appellate court must engage in when reviewing a claim that a criminal statute is unconstitutionally vague is whether the statute is so imprecise and indefinite that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328; *South Euclid v. Richardson* (1990), 49 Ohio St.3d 147, 150, 551 N.E.2d 606, 608. To withstand a challenge that it is unconstitutionally vague, a criminal statute need only give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227; *State v. Mollenkopf* (1982), 8 Ohio App.3d 210, 210, 8 OBR 281, 281, 456 N.E.2d 1269, 1269.

R.C. 2923.32(A)(1) prohibits a person from participating in the affairs of an enterprise through a pattern of corrupt activity. R.C. 2923.31 further defines "enterprise," "pattern of corrupt activity," and "corrupt activity" with narrow specificity. When read together, R.C. 2923.31 and 2923.32(A)(1) provide fair and adequate notice of the nature of the prohibited conduct. *Thrower, supra,* 62 Ohio App.3d at 375, 575 N.E.2d at 873. Accordingly, we conclude that these statutes are not void for vagueness. Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the trial court erred in overruling his motion to suppress. Appellant first argues that the trial court improperly overruled his motion to suppress without conducting an evidentiary hearing. A trial court is not required to conduct an evidentiary hearing on a pretrial motion where no hearing is requested. *State v. Feltner* (1993), 87 Ohio App.3d 279, 283, 622 N.E.2d 15, 18; *State v. McClure* (June 14, 1985), Highland App. No. CA–537, unreported, at 3, 1985 WL 11123. The record shows that appellant never requested a hearing on his motion to suppress. Therefore, we conclude that the trial court did not err in failing to conduct such a hearing.

██ Appellant next challenges the sufficiency of the warrant authorizing the search of his residence. Appellant essentially argues that the affidavit supporting the search warrant could not have been reviewed for probable cause because it was contained in a sealed envelope at the time the warrant was served. We disagree. The record contains no evidence that the judge who issued the warrant failed to review the affidavit or that the probable cause determination in this case was in any way improper. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.