CITY OF BOWLING GREEN, Appellee,

v.

O'NEAL, Appellant.

[Cite as *Bowling Green v. O'Neal* (1996), 113 Ohio App.3d 880.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–95–109.

Decided Sept. 13, 1996.

*Peter T. Halleck*, for appellant.

ABOOD, Judge.

This is an appeal from a judgment of the Bowling Green Municipal Court which found appellant guilty of driving while under the influence of alcohol following a plea of no contest.

Appellant sets forth the following assignments of error:

"Assignment of Error No. 1

"The court erred in overruling defendant's motion to dismiss based on the administrative license suspension which was imposed which resulted in double jeopardy to the defendant.

"Assignment of Error No. 2

"The court erred in overruling defendant's motion to suppress by requiring defendant to go forward with testimony regarding its motion to suppress."

The facts that are relevant to the issues raised on appeal are as follows. On August 11, 1995, appellant was stopped for a minor traffic violation while driving in the city of Bowling Green and thereafter charged with driving with a prohibited concentration of alcohol in his breath and given an administrative license suspension. On September 5, 1995, appellant filed a motion to dismiss the license suspension on the grounds of double jeopardy, and on September 7, 1995, the trial court overruled the motion. On September 15, 1995, appellant filed a motion to suppress the results of his BAC test, in which he claimed that "the results of the BAC test administered to Defendant were improperly obtained," and that "the machine was improperly calibrated and improper solution was used." On October 20, 1995, the motion was called for hearing, at which the trial court stated that "we are with the defendant for any testimony on its motion." Defense counsel objected and asserted that "the defendant does not have the burden of going forward, and we believe that the prosecution is required to present evidence on the calibration as we raised in our motion." Thereafter, the court overruled the motion to suppress, and the hearing was concluded. In its judgment entry filed on October 20, the trial court stated, "On the issues raised in the motion, which were non-constitutional in nature, the defendant had the burden of production of evidence (*i.e.*, going forward with the evidence) at the motion hearing, to make a prima facie showing of the legal and factual grounds for the motion. Otherwise, the motion hearing becomes a guessing game requiring a mini-trial at the motion stage." On November 7, 1995, appellant entered a plea of no contest and consented to a finding of guilty as to the charge of driving while under the influence of alcohol. On November 29, 1995, appellant filed his notice of appeal.

In his first assignment of error, appellant asserts that the administrative license suspension constitutes punishment and that further prosecution and punishment for driving while under the influence of alcohol was in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Appellee did not file a brief with this court.

Under the authority of the Supreme Court of Ohio in State v. Gustafson (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, this court finds appellant's first assignment of error not well taken.

In his second assignment of error, appellant asserts that the trial court erred by ruling that he had the burden of going forward with the evidence at the motion hearing and by overruling his motion to suppress when he did not present evidence. Appellant argues that, while a defendant must raise the issue of the admissibility of chemical test results through a motion to suppress in order not to

waive the state's requirement to lay a foundation for their admissibility, the state bears the burden of proof as to compliance with the pertinent regulations and the admissibility of the evidence obtained through the test.

■ The Supreme Court of Ohio considered the issue of which party has the burden of going forward when a defendant files a motion to suppress the results of a BAC breath test in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. The court held that "[t]o suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Id.* at paragraph one of the syllabus. From that point, the prosecutor bears the burden of proof, including the burden of going forward with evidence. *Id.* at 220, 524 N.E.2d at 893–894.

■ Upon thorough consideration of the record of proceedings in the trial court and the law, this court finds that (1) while the statement in appellant's memorandum in support of his motion to suppress that the test results were "improperly obtained" is vague, the additional statement that "the machine was improperly calibrated and improper solution was used" sufficiently delineated those issues to give the prosecutor notice of the legal and factual grounds upon which the challenge was based, and (2) the trial court erred by requiring appellant to go forward with the evidence at the motion hearing and denying the motion to suppress when he did not do so. Accordingly, appellant's second assignment of error is well taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Bowling Green Municipal Court is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., concurs.

HANDWORK, J., concurs separately.

HANDWORK, Judge, concurring.

I concur in the disposition of the assignments of error in this case and write separately to note an additional fact that has great importance to the issue raised by appellant in the first assignment of error. The record shows that the trial court entered a judgment on August 29, 1995, ordering the termination of the

administrative license suspension ("ALS") imposed upon appellant at the time of his arrest. The Supreme Court of Ohio recently ruled:

"For purposes of determining the protection afforded by the Double Jeopardy Clauses of the United States and Ohio Constitutions, an administrative license suspension imposed pursuant to R.C. 4511.191 ceases to be remedial and becomes punitive in nature to the extent the suspension continues subsequent to adjudication and sentencing for violation of R.C. 4511.19." *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, paragraph three of the syllabus.

Since the ALS imposed on appellant was terminated by court order prior to his conviction and sentencing for the DUI charge, he was not subject to any double jeopardy in this case.