DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the city of Wadsworth, appeals from the judgment of the Wadsworth Municipal Court granting appellee Richard Dworznik's motion to suppress. We affirm.
On February 22, 1997, at approximately 2 a.m., Patrolman Randy Reinke of the Wadsworth Police Department was on routine patrol when he observed a vehicle driven by Dworznik weaving left of the center line. Patrolman Reinke executed a traffic stop. After administering field sobriety tests, Reinke arrested Dworznik for driving under the influence of alcohol. Dworznik was taken to the police station and was administered a breath alcohol test on the police department's Intoxilizer 5000 machine ("the machine"). The test showed Dworznik's alcohol level at .285, in excess of the legal limit. Dworznik was charged with violating R.C.4511.19(A)(3).[1]
Dworznik entered a plea of not guilty in the Wadsworth Municipal Court. Thereafter, Dworznik sought various documents from the police department related to the operation and calibration of the machine. Based on information obtained from some of these documents, Dworznik moved to suppress and/or dismiss, by way of written motion, on two grounds: lack of probable cause, and failure to perform required calibrations on the machine. Prior to the hearing, an expert hired by Dworznik examined additional documents relating to the machine. The expert prepared a report that was filed with the court and given to the prosecutor. The report concluded that, after a repair was made to the machine in November 1996, a Radio Frequency Interference ("R.F.I.") survey should have been performed but was not.
At the suppression hearing on April 9, 1997, Dworznik orally moved to amend his motion to suppress to include the grounds stated in the expert's report. The trial court asked the prosecutor if he wished to have a continuance to prepare for the additional basis, but the prosecutor declined, stating that he merely wanted to be clear as to what grounds Dworznik was asserting. The trial court then proceeded with the hearing. Patrolman Reinke and Sergeant Daniel Boyd of the Wadsworth Police Department testified for the State.
Dworznik's expert was the sole witness for the defense. The expert testified that a repair was made to the machine by the manufacturer. One of the repairs made was a "Source Upgrade." The expert testified that in his opinion, the phrase "Source Upgrade" meant that the infrared source of the machine was replaced with a different infrared source.[2] The prosecutor cross-examined the expert thoroughly on the subject, eliciting a concession that a software upgrade had been done on the machine.[3]
Sergeant Boyd testified in rebuttal. Upon objection by Dworznik, the prosecutor proffered that Boyd's testimony would be that he spoke with a representative of the machine's manufacturer, who told Boyd that "Source Upgrade" meant a software upgrade. After the testimony, the court engaged in a long discussion with the attorneys on what was at issue and whether the hearsay testimony was admissible. The court ended the hearing by directing the parties to brief the hearsay issue. The parties complied.
The trial court issued its ruling on June 2, 1997. The court ruled that the hearsay evidence was admissible, but that the State failed to carry its burden.[4] The trial court then granted Dworznik's motion to suppress the breath test results. The State now appeals to this court.
The State asserts one assignment of error:
 The trial court erred by permitting the Defendant to argue a basis for suppression not stated with particularity in Defendant's Motion to Suppress Evidence.
The State argues that the trial court improperly granted Dworznik's motion to suppress by basing it on grounds other than those in the written motion to suppress, in violation of Crim.R. 47. The State does not argue that the basis for granting the motion to suppress was improper, but instead argues that because the basis of the court's ruling was not stated with particularity in Dworznik's written motion, the court improperly considered those grounds. We disagree.
Crim.R. 47 states in part:
 An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought.
Furthermore, a motion to suppress must state the "legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."State v. Shindler (1994), 70 Ohio St.3d 54, syllabus. Once the defendant has met this burden, the State bears the burden of proof. Bowling Green v. O'Neal (1996), 113 Ohio App.3d 880, 883.
The touchstone of the particularity requirements for motions to suppress is notice to the State of the basis for the defendant's motion. We find that the State was put on notice that Dworznik intended to pursue the grounds stated in the expert's report in the motion to suppress. The prosecutor was furnished with a copy of the report before the hearing (albeit two days before the hearing). The court asked the prosecutor if he desired a continuance to prepare on the issue, and the prosecutor declined. The prosecutor did not object to the inclusion of the expert's report as one of the bases for the motion to suppress. The prosecutor was effective in his cross-examination of Dworznik's expert on the issue of what "Source Upgrade" meant. After Sergeant Boyd's rebuttal testimony, the court engaged in a discussion with the prosecutor and Dworznik's attorney and specifically commented that the best course was for some representative of the machine's manufacturer to testify as to what "Source Upgrade" meant. The prosecution balked at the court's suggestion, stating that it would cost at least $500 to bring that person into court to testify, and instead wished to rely on Sergeant Boyd's hearsay testimony. The State was given every opportunity to prepare to present evidence on the grounds for suppression in the expert's report or otherwise object, and the State did none of these things.
The State had notice of the basis of the trial court's ruling granting Dworznik's motion to suppress. The State was given more than one opportunity to continue the proceedings, and those opportunities were rejected. We find no prejudicial error in the trial court's decision. Accordingly, the State's sole assignment of error is overruled.
The State's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina, Wadsworth Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
CONCURS
[1] Dworznik was also cited for violating a Wadsworth ordinance, but that citation is not germane to the case at bar.
[2] Such a change would have required the administration of a new R.F.I. survey under the former Ohio Adm. Code3701-53-02(C)(2)(e), amended in July 1997.
[3] A software upgrade would not have required that a new R.F.I. survey be administered.
[4] The trial court stated that the State's standard of proof was "beyond a preponderance of the evidence." However, no such standard exists.