OPINION
Defendant-appellant, Nancy J. Gibbs, was convicted, after a jury trial in the Clermont County Municipal Court, or telephone harassment in violation of R.C. 2917.21(A)(5).
Appellant and Donald E. Gibbs ("Gibbs") entered an agreed shared parenting plan at the time of their dissolution in December of 1992. At the time of their dissolution, appellant and Gibbs had been married for fifteen years and had three children. Both parties proved to be uncooperative in implementing and facilitating the shared parenting plan. As a result, on September 15, 1995, the Clermont County Domestic Relations Court magistrate issued a report finding that shared parenting was not in the children's best interest. The magistrate's report was adopted by the domestic relations court naming Gibbs as residential parent and granting appellant specific visitation rights.
Gibbs owns and operates a piano repair business. Throughout the dissolution process, and thereafter, appellant continually called Gibbs at his business. On at least one occasion, appellant left confidential, family information on the business answering machine, and Gibbs' employees heard the message. In a letter to appellant dated May 21, 1996, Gibbs wrote, "I also have told you in previous letters not to call my business and leave messages, annoying or otherwise. * * * You are only to call me at my business if there is a real emergency." After receiving this letter, appellant continued to call Gibbs' business. In a letter dated May 9, 1997, Gibbs wrote, "I have asked you numerous times not to call my place of business. As I have told you in the past, you are NOT to call me at work unless there is a medical emergency." In the same letter, Gibbs stated that when appellant needed to communicate with him regarding any non-emergency, she could (1) leave a message on his home answering machine, (2) call him at home, or (3) write a letter. Regardless, appellant continued to call Gibbs' business concerning non-emergency matters.
On January 21, 1998, Gibbs filed a complaint charging appellant with telephone harassment under R.C. 2917.21(A)(5), a first-degree misdemeanor. The case was tried before a jury on October 15, 1998. Gibbs presented evidence showing that after his May 9, 1997 letter, appellant called his business not less than twelve times regarding non-emergency matters. Appellant was found guilty and convicted. Appellant filed this appeal, raising five assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND DEPRIVED APPELLANT NANCY GIBBS OF HER FIRST AMENDMENT RIGHTS WHEN HER BENIGN PARENTING PHONE CALLS, MADE IN COMPLIANCE WITH CLERMONT COUNTY DOMESTIC RELATIONS COURT'S ORDER, WERE THE BASIS FOR A CRIMINAL CONVICTION PURSUANT TO OHIO REVISED CODE 2917.21(A)(5).
In this assignment of error, appellant argues that R.C.2917.21 is unconstitutionally overbroad, infringing upon herFirst Amendment right to free speech. Appellant asserts that since all of the calls to Gibbs' business were regarding matters involving their children, her calls did not constitute telephone harassment.
However, under the statute, the content of the telephone call is immaterial to whether the call constitutes harassment or not. R.C. 2917.21 states as follows:
 (A) No person shall knowingly make or cause to be made a telephone call, or knowingly permit a telephone call to be made from a telephone under the person's control, to another, if the caller does any of the following:
* * *
 (5) Knowingly makes the telephone call to the recipient of the telephone call, to another person at the premises to which the telephone call is made, or to the premises to which the telephone call is made, and the recipient of the telephone call, * * * previously has told the caller not to call the premises to which the telephone call is made * * *.
A statute may be overbroad if it "prohibits constitutionally protected conduct." Grayned v. City of Rockford (1972),408 U.S. 104, 114, 92 S.Ct. 2294, 2302. However, statutes are entitled to a strong presumption of constitutionality. State v. LonghornWorld Championship Rodeo, Inc. (1985), 19 Ohio App.3d 115, 118. Where possible, the courts should construe statutes in a manner which permits the statute to operate lawfully and constitutionally. Schneider, Tax Commr. v. Laffoon (1965), 4 Ohio St.2d 89,97.
In a similar case, the Third District Court of Appeals construed R.C. 2917.21(A)(5) and held that the statute was not unconstitutionally overbroad. State v. Rettig (Feb. 3, 1992), 1992 Ohio App. LEXIS 516, unreported. In Rettig, the court stated that the state has a legitimate interest in protecting its citizens from unwanted intrusions into their privacy because each citizen has the right "to be let alone." Rettig at *3-4, citingRowan v. United States Post Office Dept. (1970), 397 U.S. 728,736-37, 90 S.Ct. 1484, 1490. Likewise, we hold that R.C.2917.21(A)(5) is not unconstitutionally overbroad. Appellant's first assignment of error is overruled.[1]
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29, CONTRARY TO LAW, WHERE THE STATE FAILED TO MEET ITS BURDEN WITH RESPECT TO EACH MATERIAL ELEMENT OF THE OFENSE OF TELEPHONE HARASSMENT.
Under her second assignment of error, appellant argues that the trial court erred by denying her Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." The motion tests the sufficiency of the state's evidence. State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported, at 3, citing Dayton v. Rogers
(1979), 60 Ohio St.2d 162, 163, overruled on other grounds byState v. Lazzaro (1996), 76 Ohio St.3d 261. The trial court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. Dunaway at 3, citingState v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. When reviewing a ruling on a Crim.R. 29(A) motion, an appellate court must construe the evidence in a light most favorable to the state.Dunaway at 3-4, citing State v. Jenks (1991), 61 Ohio St.3d 259,273.
Appellant does not dispute that she received letters requesting that she refrain from calling Gibbs' business unless it involved an emergency. Regardless, the evidence indicated that appellant made not less than twelve non-emergency calls to Gibbs' business after receiving Gibbs' letters. We find that this evidence, if believed, was sufficient for a reasonable mind to conclude that all elements of the crime had been proven beyond a reasonable doubt. See Dunaway at 8. The trial court did not err in overruling appellant's motion for acquittal. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AND DEPRIVED MRS. GIBBS OF A FAIR TRIAL AS GUARANTEED IN THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION THROUGH DENYING DEFENDANT'S MOTION TO DISMISS FOR THE PROSECUTOR'S FAILURE TO PROVIDE A BILL OF PARTICULARS.
In this assignment of error, appellant argues that she was prejudiced by the state's failure to provide her with a bill of particulars until the day of trial.
The state's duty to supply a bill of particulars is governed by Crim.R. 7(E) which provides as follows: "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars * * *."
Appellant was charged on January 21, 1998. She was summoned to appear for arraignment on February 4, 1998. In lieu of appearing in court for arraignment, appellant entered a written, not guilty plea on February 2, 1998. Appellant did not request a bill of particulars until June 5, 1998, nor did the trial court order that a bill of particulars be provided prior to that date. Appellant's request was not timely since it was made well beyond the twenty-one day period specified in Crim.R. 7(E). Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION WHEN IT FAILED TO INSTRUCT THE JURY ON NECESSITY.
In this assignment of error, appellant argues that the trial court's denial to instruct the jury on the defense of necessity amounted to reversible error. Appellant claims that all of the calls to Gibbs' business were necessary since they were matters involving the parties' children.
When a party requests jury instructions, the instructions should be given "if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. When reviewing the record to ascertain whether there was sufficient evidence to support the requested instructions, an appellate court "should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Id.
Appellant argues that she was entitled to an instruction on the defense of necessity. The elements of necessity are as follows:
 (1) the harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm.
State v. Prince (1991), 71 Ohio App.3d 694, 699.
Simply because appellant felt that each call was necessary does not mean that the calls fall within the legal defense of necessity as outlined in Prince. Our review of the record indicates that appellant failed to present evidence establishing the elements of the defense of necessity. The trial court need not instruct a jury where there is no evidence to support an issue. Murphy at 591. Therefore, the trial court did not err in declining to adopt appellant's proposed jury instruction on the defense of necessity. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION THROUGH THE COURT'S GIVING OF AN IMPROPER SUPPLEMENTAL CHARGE TO THE JURY WHEN THE JURY INDICATED IT WAS HUNG.
Contrary to appellant's assertion in this assignment of error, the record does not reveal at any point that the jury was hung. The record does reveal that, at some point during its deliberation, the jury presented the trial court with a note indicating that the jury members wished to see a copy of R.C.2917.21(B) to obtain clarification on the statutory definition of telephone harassment. The trial court also noted that the jury verdict form contained a clerical error in that appellant was charged with violating R.C. 2917.21(A)(5) and not 2917.21(B). At that point, the court corrected the clerical mistake and read a supplemental instruction to the jury outlining the elements of telephone harassment as defined in R.C. 2917.21(A)(5).
Neither party objected to the instruction as given. In fact, after the court read the statutory definition of telephone harassment under R.C. 2917.21(A)(5), the following dialogue occurred:
 COURT: Mr. Miller [counsel for the state], is there anything that you wish the court to charge further along in this matter?
MR. MILLER: No, Your Honor, thank you.
 COURT: You're welcome. Ms. Farlow [counsel for defendant], is there anything you wish the Court to charge further on in this matter?
 MS. FARLOW: Nothing that I haven't mentioned before, Your Honor, thank you.
Since appellant made no contemporaneous objection to the trial court's instruction, we review this assignment of error only to determine if plain error occurred. See Crim.R. 52(B). To rise to the level of plain error, the rights of the accused must have been so adversely affected as to undermine the fairness of the guilt determining process. State v. Swanson (1984), 16 Ohio App.3d 375, paragraph three of the syllabus. In addition, it must appear on the face of the record not only that error was committed, but that except for the error, the result clearly would have been otherwise and that not considering the error would result in a clear miscarriage of justice. State v. Bock (1984),16 Ohio App.3d 146, paragraph two of the syllabus.
Our review of the record reveals no error by the trial court in correcting the clerical mistake or in the court's response to the jury's question. Obviously, if the trial court's actions did not constitute error, there can be no finding of plain error. Appellant's fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE JURY VERDICT IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In order for the appellate court to reverse a jury verdict as against the manifest weight of the evidence, the appellate court must unanimously disagree with the jury's verdict. Section3(B)(3), Article IV, Ohio Constitution. The standard for reversal for manifest weight of evidence in a criminal case has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must keep in mind that the trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
The evidence presented at trial shows that Gibbs had specifically instructed appellant not to call his business, yet appellant continued to call Gibbs at his business. After a careful review of the evidence presented at trial, we find that appellant's conviction was not against the manifest weight of the evidence. Appellant's sixth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] We also note that the Court of Appeals for Portage County has held that R.C. 2917.21(A)(5) is not unconstitutionally vague.State v. Mollenkopf (1982), 8 Ohio App.3d 210, paragraph one of the syllabus.