The STATE of Ohio, Appellee,

v.

LYONS, Appellant.

[Cite as *State v. Lyons* (2000), 138 Ohio App.3d 614.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–00–039.

Decided Sept. 1, 2000.

*P. Martin Aubry,* Chief Prosecutor, for appellee.

*Jeffrey P. Nunnari,* for appellant.

KNEPPER, Presiding Judge.

This is an accelerated appeal from a judgment of the Perrysburg Municipal Court, which denied a motion to suppress filed by appellant, Zachariah J. Lyons. For the reasons stated below, this court reverses the judgment of the trial court.

Appellant sets forth the following assignment of error:

"Assignment of Error

"The trial court erred to the prejudice of appellant by denying his motion to suppress without a hearing, as the motion and memorandum in support thereof were sufficient to place the prosecutor and the court on notice of the factual and legal issues to be decided at any hearing thereon."

The following facts are relevant to this appeal. On March 4, 2000, appellant was charged with possession of marijuana and possession of drug paraphernalia. On March 16, 2000, appellant filed a motion to suppress. On March 20, 2000, the trial court denied the motion to suppress without a hearing. Appellant entered a no contest plea on April 25, 2000, was found guilty by the trial court, and sentenced. Appellant was granted a stay of execution of sentence and filed a timely notice of appeal.

In his sole assignment of error, appellant contends that he was entitled to a hearing on his motion to suppress because he presented with sufficient particularity the legal and factual bases for the motion and, moreover, he requested an evidentiary hearing. This court agrees with appellant's argument.

Crim.R. 47 states:

"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. \* \* \*"

In *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, syllabus, the Supreme Court of Ohio held that "[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to ·be decided." In *Shindler,* the court found that appellee's motion to suppress was sufficient when it "stated with particularity the statutes, regulations and constitutional amendments she alleged were violated, set forth some underly-

ing factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge." *Id.* at 58, 636 N.E.2d at 322.

"Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure." *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus. Accord *Shindler* at 57, 636 N.E.2d at 321–322; *Bowling Green v. O'Neal* (1996), 113 Ohio App.3d 880, 883, 682 N.E.2d 709, 711. This decision was based, in part, on the presumption of unreasonableness that attaches to searches conducted outside the judicial process. *Wallace* at 218, 524 N.E.2d at 891–892.

In his motion to suppress, appellant challenged the search of his vehicle and his passenger on the basis of violation of the protections afforded by the Fourth Amendment. Appellant cited legal authority and then set forth the factual basis for challenging the search. Appellant also challenged the admission of statements made without appellant having been given his *Miranda* warnings. Thus, we find that appellant's motion sufficiently placed the prosecution on notice of the basis for his challenge. Moreover, appellant requested an oral hearing, a prerequisite previously determined to be necessary. See *State v. Haddix* (1994), 92 Ohio App.3d 221, 223, 634 N.E.2d 690, 691. Having satisfied the need for particularity, we conclude that the court erred in not holding an evidentiary hearing on appellant's motion to suppress.

Accordingly, appellant's sole assignment of error is found well taken.

On consideration whereof, the judgment of the Perrysburg Municipal Court is reversed. This case is remanded to the trial court for proceedings consistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

MELVIN L. RESNICK and PIETRYKOWSKI, JJ., concur.