[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 323.]

CHARI, APPELLEE, *v.* VORE, SHERIFF, APPELLANT.

[Cite as *Chari v. Vore*, 2001-Ohio-49.]

*Habeas corpus—Claim of excessive bail—Grant of writ by court of appeals reversed and cause dismissed, when.*

(No. 00-926—Submitted January 30, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Montgomery County, No. 18241.

_____

*Per Curiam.*

{¶ 1} On December 3, 1999, a Montgomery County Grand Jury returned an indictment charging appellee, Krishan Chari, with nineteen felony counts, including engaging in a pattern of corrupt activity, theft, and forgery. These charges reflect a loss of approximately $6,000,000 to Chari's alleged victims. The trial court ordered Chari released upon his posting of a bail bond of $500,000 secured by a ten percent deposit and his agreement to be placed under the supervision of the court's electronic home-detention program. Chari posted the required bond and was released from jail.

{¶ 2} On March 31, 2000, a Montgomery County Grand Jury returned an indictment that superseded the December 3, 1999 indictment and charged Chari with forty felony counts, including the prior nineteen counts as well as four counts alleging criminal conduct by Chari that occurred while Chari had been released on bail after the first indictment. On the same date, the Pretrial Services Department of the Montgomery County Court of Common Pleas recommended that Chari's bond be revoked and that a new bond be set in the amount of $1,000,000 without the ten percent security-deposit provision. The common pleas court adopted this recommendation and ordered Chari to post a bail bond of $1,000,000 and, upon his

posting of this bond, to have Chari again placed in the electronic home-detention program.

**{¶ 3}** Instead of posting the required bond, on April 6, 2000, Chari filed a petition in the Court of Appeals for Montgomery County for a writ of habeas corpus to compel his discharge from jail on reasonable bail. The petition was not verified. In his petition, Chari alleged that his imprisonment was "without lawful authority" because he was being held for $1,000,000 bail, "which sum he is unable to meet," and that "[t]his bail, which was fixed by the Montgomery County Common Pleas Court, is excessive, unlawful and in violation of Section 9, Article [I] of the Constitution of Ohio." No specific facts supporting his conclusory allegations of excessiveness, unlawfulness, and unconstitutionality were contained in his petition.

**{¶ 4}** On April 12, despite Chari's failure to comply with the verification requirements of R.C. 2725.04 and his conclusory allegations, the court of appeals allowed the writ and ordered appellee, the Montgomery County Sheriff, to make a return on April 14. The court of appeals also ordered that on that scheduled hearing date, the sheriff "show cause why an order should not be entered granting the relief requested * * * in the Petition For Writ of Habeas Corpus."

**{¶ 5}** On April 14, the sheriff filed a return that included the justification for Chari's incarceration, *i.e.*, a copy of the common pleas court's March 31 $1,000,000 bond order. On that date, at the hearing, the court of appeals asserted that the state had "the burden to go forward * * * at this time." After the state briefly presented legal authority to the contrary, the court of appeals ruled that it would allocate the burden at the end of the hearing. Nevertheless, it advised the state to call the first witness. On this same date, the sheriff filed a motion to dismiss the petition because it was not verified. In response to the sheriff's dismissal motion, Chari filed an amended petition, which was identical to his earlier petition except that underneath one of his attorney's signatures was the notarized statement "Sworn to and subscribed in my presence by Louis I. Hoffman, Attorney for

Krishan Chari." The amended petition, however, lacked words of verification that Chari or his attorneys expressly swore to the truth of the facts alleged in the petition. Chari, through counsel, asserted that he was uncertain whether verification was "legally required" and filed the amended petition "to avoid that distraction."

{¶ 6} On April 17, the court of appeals determined that the $1,000,000 bail bond ordered by the common pleas court was excessive, granted the writ of habeas corpus, and modified the $1,000,000 bond so that it would be subject to the ten percent security-deposit provisions of Crim.R. 46(A)(2). Additionally, reasoning that petitioner's amended petition for writ of habeas corpus was in verified form, the court of appeals denied respondent's motion to dismiss. The court of appeals upheld the amount of the bond and the other conditions imposed on Chari's release. In so holding, the court of appeals noted that its alternative writ had required the sheriff to show cause why the relief that Chari requested should not be granted. The court of appeals then emphasized that the sheriff's reasons for the increase in Chari's bail bond did not justify the increase. The court of appeals also denied the sheriff's motion to dismiss.

{¶ 7} This cause is now before the court upon the sheriff's appeal as of right.

{¶ 8} The sheriff asserts in his first proposition of law that the court of appeals erred in placing the burden of proof on him to establish that Chari was not entitled to release from prison.

{¶ 9} In general, persons accused of crimes are bailable by sufficient sureties, and "[e]xcessive bail shall not be required."[1] Section 9, Article I, Ohio Constitution. Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. See *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423, 425, and cases cited therein.

---

1. But preconviction bail may be denied for persons charged with a capital offense where the proof is evident or the presumption great and for persons charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. Section 9, Article I, Ohio Constitution.

**{¶ 10}** In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski* (1965), 4 Ohio St.2d 76, 77, 33 O.O.2d 441, 441-442, 212 N.E.2d 601, 602; *Yarbrough v. Maxwell* (1963), 174 Ohio St. 287, 288, 22 O.O.2d 341, 342, 189 N.E.2d 136, 137.

**{¶ 11}** More specifically, in a habeas corpus proceeding, "where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release." *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137. In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings. *Id.* at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

**{¶ 12}** Thus, in habeas corpus actions, "the state makes a *prima facie* case by showing by what authority it holds the prisoner" and the "burden of proceeding then shifts to the prisoner to introduce facts which would justify the granting of bail." See, *e.g., Muller v. Bridges* (1966), 280 Ala. 169, 170, 190 So.2d 722, 723.

**{¶ 13}** In analyzing the sheriff's assertion that the court of appeals erred in placing the burden of proof on him, the term as used in *Halleck* and *Yarbrough* encompasses two different aspects of proof: the burden of going forward with evidence (or burden of production) and the burden of persuasion. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 219, 524 N.E.2d 889, 892; *State v. Robinson* (1976), 47 Ohio St.2d 103, 107, 1 O.O.3d 61, 63, 351 N.E.2d 88, 91. In other words, "[t]he burden of proof is a composite burden usually requiring the party on whom it rests to 'go forward' with the evidence (the 'burden of production') and to convince the trier of fact by some quantum of evidence (the 'burden of persuasion')." *Commonwealth v. Walker* (1976), 370 Mass. 548, 578, 350 N.E.2d 678, 698, fn. 21.

**{¶ 14}** As the sheriff correctly contends, the court of appeals improperly placed the burden of production on him during the proceedings. Under R.C. 2725.14, the sheriff was required to specify in his return only that he had Chari in

his custody and the authority for Chari's imprisonment. The sheriff complied with these requirements by stating in his return that Chari was in the county jail and attaching a copy of the March 31 $1,000,000 bail-bond order that authorized his imprisonment until the bond was posted. In fact, Chari's own petition included this order as well as the superseding indictment under which he was held in custody. Based on applicable precedent, after the sheriff's return, Chari had the burden to go forward and produce evidence to prove that the bail was excessive. *Yarbrough*.

{¶ 15} Chari's assertion that the state has the burden of proof in excessive pretrial bail cases and that the sheriff failed to justify the *amount* of the trial court's bail order in his return lacks merit. Neither *Halleck* nor *Yarbrough* suggests that the burden of proof in habeas corpus cases is dependent upon the particular habeas claim. Other courts have placed the burden on the habeas corpus petitioner to prove that bail is excessive. See, *e.g., Kennedy v. Corrigan* (1960), 169 Neb. 586, 590-591, 100 N.W.2d 550, 553; *Delaney v. Shobe* (1959), 218 Ore. 626, 628, 346 P.2d 126, 127; *Ex Parte Parker* (Tex.App.2000), 26 S.W.3d 711, 712; *Ex Parte Sellers* (Tex.Crim.App.1974), 516 S.W.2d 665, 666. Therefore, consistent with *Halleck, Yarbrough*, and the foregoing cases, the burden of proof in a case alleging excessive bail is, as in other habeas corpus cases, on the petitioner. In addition, neither R.C. 2725.14 nor *Yarbrough* requires that the sheriff justify the *amount* of bail in the return; they require only that the return specify the authorization for Chari's pretrial detention. The sheriff complied with these requirements.

{¶ 16} Therefore, the court of appeals erroneously compelled the sheriff to introduce evidence first, in contravention of the proper allocation of the burden of proof. *Halleck*, 4 Ohio St.2d at 77, 33 O.O.2d at 441-442, 212 N.E.2d at 602; *Yarbrough*, 174 Ohio St. at 288, 22 O.O.2d at 342, 189 N.E.2d at 137.

{¶ 17} Generally, a lower court error in allocating the burden of proof, including the burden of going forward with evidence, requires a reversal and remand for a new hearing in which the burden is properly allocated. See, *e.g., State*

*v. Chase* (1978), 55 Ohio St.2d 237, 9 O.O.3d 180, 378 N.E.2d 1064; *State v. Doran* (1983), 5 Ohio St.3d 187, 193-194, 5 OBR 404, 410, 449 N.E.2d 1295, 1300-1301; *Bowling Green v. O'Neal* (1996), 113 Ohio App.3d 880, 883, 682 N.E.2d 709, 711.

{¶ 18} We have, however, plenary authority in extraordinary writ cases to consider them as if they had been originally filed in this court. See *State ex rel. Natl. Electrical Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395, 398 ("The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard"); *State ex rel. Cleveland Police Patrolmen's Assn. v. Cleveland* (1999), 84 Ohio St.3d 310, 312, 703 N.E.2d 796, 797. We do so here to avoid the necessity of a remand because the court of appeals should never have allowed the writ, ordered a return, and held a hearing on Chari's habeas corpus petition.

{¶ 19} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action. *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 381, 667 N.E.2d 1194, 1196. "First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 609, 653 N.E.2d 659, 661. Even when a writ is allowed and a return is ordered, an evidentiary hearing, discovery, and physical presence of the petitioner are not always required. *Gaskins*, 76 Ohio St.3d at 382, 667 N.E.2d at 1196.

{¶ 20} The court of appeals erred in allowing the writ and ordering a return.

{¶ 21} First, Chari's petition did not satisfy the mandatory requirements of R.C. 2725.04, which requires that the petition be verified. In the absence of any statutory definition of the requisite verification, we must apply the word's usual,

normal, or customary meaning. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 499, 696 N.E.2d 1054, 1057; R.C. 1.42. "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Garner, Black's Law Dictionary (7 Ed.1999) 1556; see, also, Webster's Third New International Dictionary (1986) 2543; *Youngstown Steel Door Co. v. Kosydar* (1973), 33 Ohio App.2d 277, 280, 62 O.O.2d 420, 422, 294 N.E.2d 676, 679 ("Verification under oath bespeaks some further formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does").

{¶ 22} Chari's habeas corpus petition did not contain any verification; therefore, the court of appeals should have dismissed it. See *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249, 1249-1250; *Evans v. Klaeger* (1999), 87 Ohio St.3d 260, 261, 719 N.E.2d 546, 547; *Sidle v. Ohio Adult Parole Auth.* (2000), 89 Ohio St.3d 520, 733 N.E.2d 1115. In fact, not even his amended petition, which was filed *after* the writ was allowed and a return ordered, met the R.C. 2725.04 verification requirement because neither Chari nor his attorney expressly swore to the truth of the facts contained therein. See *State ex rel. Hebert v. McFaul* (June 4, 1998), Cuyahoga App. No. 74246, unreported, 1998 WL 289365 ("Although a notary public has signed and affixed a seal to the complaint, petitioner has not complied with the requirements for the form of an affidavit"); but, cf., Civ.R. 11.

{¶ 23} Second, in order to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220, 1222. Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal. *State ex rel.*

SUPREME COURT OF OHIO

*Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760.

{¶ 24} Chari's petition is replete with unsupported, legal conclusions, *i.e.*, that his bail is unlawful, excessive, and unconstitutional. In his petition, Chari alleged no facts that indicate either an abuse of discretion by the trial court or that appropriate grounds for independent review exist by the court of appeals or this court. See *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 85, 538 N.E.2d 1045, 1046, where we denied a writ without ordering a return in a habeas case involving an excessive-bail claim. The common pleas court was authorized to increase the amount of Chari's bail, and in making its determination, it could consider the nature and circumstances of the forty felonies charged in the March 31 superseding indictment, including the fact that Chari allegedly committed some of the offenses when he was previously on bail. Crim.R. 46(C) and (E); see, also, *In re Petition of Gentry* (1982), 7 Ohio App.3d 143, 145, 7 OBR 187, 189, 454 N.E.2d 987, 990.

{¶ 25} Therefore, we reverse the judgment of the court of appeals and exercise our plenary authority to dismiss the cause.

*Judgment reversed*
*and cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

————————

*Flanagan, Lieberman, Hoffman & Swaim*, *Richard Hempfling*, *Dennis A. Lieberman* and *Louis I. Hoffman*, for appellee.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellant.

————————