OPINION
{¶ 1} The appellant, David Applegate, Sr., appeals the judgment of the Shelby County Juvenile Court terminating his parental rights and granting permanent custody to the Shelby County Department of Job and Family Services, Children Services Division ("CSD"). Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 2} On August 17, 2001, CSD filed a complaint alleging that Kayla Daniels Applegate, born January 13, 2001, the daughter of Patricia Schoffner and David Applegate, Sr., was a dependent child. In the initial complaint, CSD requested a disposition of temporary/permanent custody.
 {¶ 3} Kayla was adjudicated a dependent child on November 2, 2001. A dispositional hearing was held on January 9, 2002 pursuant to which the court placed Kayla in the temporary custody of CSD. At the hearing, a case plan was approved, and the parties were ordered to comply with the same.
 {¶ 4} On March 18, 2002, CSD filed a motion for permanent custody on the grounds that Patricia failed to schedule stress therapy and anger management counseling appointments, obtain her own residence, maintain employment, and maintain visitation. CSD alleged that reunification with the appellant was not possible because he had been diagnosed with personality disorders requiring on-going intensive therapy.
 {¶ 5} On April 12, 2002, CSD filed a motion for a pre-trial ruling that it was not required to make reasonable efforts to reunify Kayla with the appellant for the reason that he previously had parental rights involuntarily terminated for another child by an order filed on July 10, 2001 in the Shelby County Juvenile Court, and that he had voluntarily surrendered his parental rights for a ten year old daughter in 2001 in Miami County, Ohio. On April 30, 2002, the court ordered that CSD was not required to make reasonable efforts to eliminate the continued removal of Kayla from the home of her father or to reunify with the father.
 {¶ 6} On May 7, 2002 and supplemented on June 19, 2002, the Guardian ad Litem for Kayla filed a report with the court recommending that the parental rights of Patricia and the appellant should be terminated as it was in the best interest of the child. A hearing was held on the motion for permanent custody on June 21, 2002, following which the court determined that it was in the best interest of Kayla to grant the request of CSD and terminate the parental rights of Patricia and the appellant with respect to their child Kayla, and to place the child in the permanent custody of CSD.
 {¶ 7} The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 8} "The trial court erred, to the substantial prejudice of the appellant, David Applegate (Father of Kayla Daniels), by terminating his parental rights without the requisite findings pursuant to R.C. 2151.419."
 {¶ 9} For his sole assignment of error, the appellant contends that the trial court's ruling that CSD need not make reasonable efforts to reunify Kayla with the appellant was in defiance of R.C. 2151.419.
 {¶ 10} R.C. 2151.419 provides, in relevant part:
 {¶ 11} "(A)(2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 {¶ 12} "* * *
 {¶ 13} "(e) The parent from whom the child was removed has had parental rights involuntarily terminated * * * with respect to a sibling of the child.
 {¶ 14} "(B)(1) A court that is required to make a determination as described in division (A)(1) or (2) of this section shall issue written findings of fact setting forth the reasons supporting its determination."
 {¶ 15} Our review of the record reveals full compliance with the requirements of R.C. 2151.419. In its April 30, 2002 order granting CSD's R.C. 2151.419(A)(2)(e) motion, the trial court found that in Case No. 2000-ABU-0006 the Shelby County Juvenile Court terminated the parental rights of the appellant for his son, David Applegate, Jr. The trial court found as true the uncontested facts submitted in a memorandum-in-support by CSD. The memorandum alleged, inter alia, that the appellant had his parental rights terminated for his son on July 10, 2001 and voluntarily surrendered his parental rights for his ten year old daughter that same year. Upon these findings and pursuant to R.C. 2151.419(A)(2)(e), the court concluded that CSD was not required to make reasonable efforts to eliminate the continued removal of Kayla Daniel's from the child's home and to return the child to the home.
 {¶ 16} The appellant maintains that David Applegate, Jr. and Kayla have different mothers and, therefore, are not "siblings" under the statute. In the absence of any statutory definition of the term "sibling," we must apply the word's usual, normal, or customary meaning.[1] "Sibling" is defined commonly as "[o]ne of two or more persons having one or esp. both parents in common; brother or sister."[2] In the present case, David Applegate, Jr. and Kayla Daniels share the same father; therefore, they are siblings under the statute.
 {¶ 17} Accordingly, the appellant's assignment of error is without merit and is overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] R.C. 1.42; See, Chari v. Vore (2001), 91 Ohio St.3d 323, 327.
[2] American Heritage Dictionary, Second College Edition, (1985) 1137.