[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} Petitioner, Myles Scott, filed a petition for a writ of habeas corpus and motion to expedite on July 18, 2006. We granted Petitioner's motion to expedite on July 21, 2006. On July 31, 2006, Respondent, the Montgomery County Sheriff, filed a motion to dismiss the petition as defective. Petitioner filed a memorandum contra to Respondent's motion to dismiss on August 8, 2006.
 {¶ 2} Petitioner is presently being held in the Montgomery County Jail and is subject to bail in the amount of $250,000 in Montgomery County Case No. 06-CR-718/2 and bail in the amount of $25,000 in Montgomery County Case No. 06-CR-2371/4. Petitioner asserts that his $250,000 bail in Case No. 06-CR-718/2 is excessive.
 {¶ 3} Habeas corpus is the appropriate remedy when raising claims of excessive bail in pretrial-release cases. Chari v.Vore (2001), 91 Ohio St.3d 323, 325, 2001-Ohio-49. However, if the petition for a writ of habeas corpus does not satisfy the mandatory requirements of R.C. 2725.04 it must be dismissed.Id. at 327. R.C. 2725.04(D) requires, in part, that the petition contain a "copy of the commitment or cause of detention. . . ."
 {¶ 4} Respondent asserts that the petition for habeas corpus is defective, and should be dismissed, because it fails to attach all of the documents which commit the Petitioner to Respondent's custody. We agree.
 {¶ 5} Although the Petitioner attached to his petition the order in Case No. 06-CR-718/2 which set bail at $250,000, he failed to attach the order in Case No. 06-CR-2371/4 which set bail at $25,000. The purpose of a writ of habeas corpus is "to inquire into the cause of imprisonment, restraint, or deprivation." R.C. 2725.01. In this case, the cause of Petitioner's imprisonment is both the bail order in Case No. 06-CR-718/2 and the bail order in 06-CR-2371/4. Therefore, we conclude that Petitioner's failure to attach all orders which are the "cause of [his] detention" render his petition for a writ of habeas corpus defective.
 {¶ 6} Accordingly, the Respondent's motion to dismiss is GRANTED, and the petition for a writ of habeas corpus is DISMISSED.
SO ORDERED.
Grady, Presiding J., Brogan, J., Wolff, Jr., J.