[Cite as *State ex rel. Boyd v. Bova*, 2013-Ohio-4199.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100240**

## STATE OF OHIO, EX REL.,
## ANTHONY BOYD

PETITIONER

vs.

## FRANK BOVA

RESPONDENT

**JUDGMENT:**
PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 467517
Order No. 468016

**RELEASE DATE:**   September 25, 2013

**FOR PETITIONER**

Anthony Boyd, pro se
Inmate No. 0129187
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio    44101

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

**{¶1}** On August 12, 2013, the petitioner, Anthony Boyd, commenced what he styled as a "Writ of Habeas Corpus" against the respondent, Frank Bova. Boyd is the defendant in *State v. Boyd*, Cuyahoga C.P. No. CR-564529-A. On May 7, 2013, the trial court found that Boyd had violated the terms of his community control sanctions and sentenced him to the Cuyahoga County Jail for a term of six months with "no jail time credit." Boyd moved for summary judgment and attached journal entries from his case. Boyd generally asserts that he "has over 6 months of jail credit already served" but presents no evidentiary basis in support. Boyd further alleges that he is being illegally detained due to his belief that the trial court's sentencing journal entry is void for not awarding him any jail-time credit. Respondent has filed a motion to dismiss, which we grant, and Boyd's motion for summary judgment is denied for the reasons that follow.

**{¶2}** R.C. 2725.04 requires the petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio held, "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 ***." *Id.* (reversing the court of appeal' granting of the writ because the procedurally defective petition should have been summarily dismissed); *see also Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527, ¶ 4 (affirming denial of writ of habeas corpus for reasons including that the "purported verification was ineffective because it was not

notarized.") Boyd's petition is not verified.

{¶3} Further, Boyd's affidavit specifying the details of his claim and his purported R.C. 2969.25(A) affidavit, describing his civil actions in the past five years, are not notarized. Likewise, his affidavit of indigency is not notarized. Although Boyd indicates that respondent does not offer notary services, this does not exempt him from procedural compliance with the law that requires these affidavits to be notarized. *State ex rel. Campbell v. Russo,* 8th Dist. Cuyahoga No. 95463, 2010-Ohio-4369, ¶ 11 (holding petitioner is not exempt from the requirement of providing notarized affidavits on grounds that the county jail does not provide notary services).

{¶4} Boyd attached a document titled Cuyahoga County Sheriff's Office Trust Accounts, but it is not certified as required by R.C. 2969.25(C).

{¶5} Boyd has not included the addresses of the parties in the caption as required by Civ.R. 10(A), which may also be a ground for dismissal. *Clarke v. McFaul*, 8th Dist. Cuyahoga No. 89447, 2007-Ohio-2520, ¶ 5.

{¶6} The many pleading deficiencies warrant dismissal.

{¶7} Accordingly, this court grants respondent's motion and dismisses the petition for a writ of habeas corpus. Petitioner's motion for summary judgment is denied. Petitioner to pay costs. The court further directs the Clerk of the Eighth District Court of Appeals to serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶8} Petition dismissed.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR