[Cite as *Myers v. Toledo*, 2016-Ohio-7696.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Benjamin Myers                                    Court of Appeals No. L-16-1257

      Relator

v.

City of Toledo                                    **DECISION AND JUDGMENT**

      Respondent                             Decided:  November 10, 2016

* * * * *

Benjamin Myers, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} On November 2, 2016, relator Benjamin Myers, acting pro se, filed an original action in this court requesting that we issue a writ of habeas corpus, compelling the city of Toledo to "present its case to this court why [he] should remain confined." Myers alleges the following:

- that he is being confined at the Corrections Center of Northwest Ohio (CCNO) in Stryker, Ohio;

- that he "has been under supervision [there] since July 26, 2016 at 3:36 p.m.";

- that he was sentenced to serve 90 days, the maximum sentence;

- that he was denied 5 days of jail credit for "time served";

- that his lawful sentence expired on October 19, 2016; and

- that despite the expiration of his sentence, he is still being held.

{¶ 2} Myers requests that this court issue a writ of habeas corpus compelling "the City of Toledo [to] set him free, to end his unlawful and unconstitutional confinement."

{¶ 3} We would be compelled to grant the petitioner a writ of habeas corpus if his factual allegations are correct. However, his petition is fatally defective. Therefore, it must be dismissed.

{¶ 4} R.C. 2725.04 governs the filing requirements for an application for a writ of habeas corpus. It provides,

Application for the writ of habeas corpus shall be by petition, signed and *verified* * * * by the party for whose relief it is intended * * * and shall specify:

(A) That the person in whose behalf the application is made is imprisoned * * *;

2.

(B) *The officer, or name of the person by whom the prisoner is so confined* or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) *A copy of the commitment or cause of detention of such person shall be exhibited*, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear. (Emphasis added.)

{¶ 5} In his petition, Myers names the city of Toledo, as the sole respondent, not a prison official, named or unnamed, at CCNO. In naming the city, rather than the custodian responsible for his alleged unconstitutional confinement, Myers has named the wrong party as respondent. *State ex rel. Sherrills v. State,* 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651 (affirming the sua sponte dismissal of a petition for habeas corpus because the petitioner did not name the proper respondents).

{¶ 6} Second, Myers attached no papers in support of the petition, including the judgment entry of conviction and sentence. Myers' failure to file the commitment papers with his petition renders it "fatally defective." As explained by the Supreme Court of Ohio, when a petition is presented to a court that does not comply with R.C. 2725.04(D), "there is no showing of how the commitment was procured and there is nothing before

3.

the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶ 7}** Third, Myers' petition is not "verified" as required by R.C. 2725.04. The term, "Verification" means a "'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Chari v. Vore*, 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001).

**{¶ 8}** Finally, Myers failed to comply with R.C. 2969.25(A). The statute, which applies to civil actions filed by inmates against governmental entities or employees, requires the inmate to file an affidavit with the petition describing each civil action, or appeal of a civil action, which he has filed in the previous five years in any state or federal court. His failure to verify the petition, or to include an affidavit, necessitate the dismissal of this case. *Johnson v. McFaul*, 3d Dist. Cuyahoga No. 86153, 2005-Ohio-1663, ¶ 4-7.

**{¶ 9}** For all of these reasons, we dismiss the petition, but we do so without prejudice. Myers is ordered to pay costs pursuant to R.C. 2725.28. Petition dismissed, without prejudice. Myers may refile his petition to cure the foregoing deficiencies.

Writ denied.

4.

Mark L. Pietrykowski, J.                      _____
                                                                  JUDGE

Thomas J. Osowik, J.

                      _____
James D. Jensen, P.J.                                 JUDGE
CONCUR.

                      _____
                                                                   JUDGE