[Cite as *Herbert v. Abdalla*, 2017-Ohio-4121.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HAKEEM C. HERBERT, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CASE NO. 17 JE 0008 |
| | ) | |
| FRED ABDALLA, SHERIFF FOR | ) | OPINION |
| JEFFERSON COUNTY, OHIO, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Habeas Corpus

JUDGMENT:     Dismissed

APPEARANCES:
For Petitioner     Attorney R. Aaron Miller
329 North Fourth Street
Steubenville, Ohio 43952

For Respondent     Frank J. Bruzzese
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 S.R. 7
Steubenville, Ohio 43952

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 2, 2017

PER CURIAM.

{¶1} Petitioner Hakeem C. Herbert has filed an application for a writ of habeas corpus asserting that his $500,000 bail is unreasonable and excessive. Respondent has filed an answer seeking to have the writ dismissed and denied, arguing that the bail is reasonable and not excessive.

{¶2} The docket in the underlying criminal case reflects that Petitioner was indicted for fifth-degree-felony heroin trafficking in violation of R.C. 2925.03(A)(1)(C)(6)(a), on October 4, 2016. Petitioner retained counsel, pleaded not guilty, and remained free on a personal recognizance bond.

{¶3} The trial court set a pretrial for December 12, 2016. Petitioner initially failed to appear for the hearing. The court issued a warrant, Petitioner appeared later that day, and the warrant was recalled. At Petitioner's request, the court rescheduled the trial date from January 12, 2017, to February 2, 2017.

{¶4} At the request of the parties, the court scheduled a pretrial for January 27, 2017. Near the conclusion of that hearing, the parties advised the court that they had reached a negotiated plea agreement. Pursuant to the agreement, the court advised Petitioner that he would have to report to the Jefferson County Adult Probation Department for completion of an EOCC Evaluation and Pre-Sentence Investigation. The court then set a change-of-plea and sentencing hearing for February 28, 2017.

{¶5} Petitioner failed to report to the Jefferson County Adult Probation Department for completion of an EOCC Evaluation and Pre-Sentence Investigation. He also failed to appear for the February 28, 2017 change-of-plea and sentencing hearing. The court issued a warrant for Petitioner's arrest.

{¶6} On March 8, 2017, Petitioner's counsel filed a motion to vacate the warrant and the court set a hearing on the motion for March 20, 2017. Petitioner appeared at the March 20, 2017 hearing at which time the court ordered him taken into custody. The court then set a bond hearing for March 27, 2017. At the conclusion of that hearing, the court set Petitioner's bail at $500,000 and house arrest.

{¶7} On March 27, 2017, Petitioner filed an application for a writ of habeas

corpus asserting that the $500,000 was unreasonable and excessive. Respondent filed an answer on April 28, 2017, contending the bail was reasonable and not excessive. Meanwhile, Petitioner's retained counsel filed motions to withdraw in both the underlying criminal case and the matter before this Court. Both motions were granted. We proceed to a determination of Petitioner's application.

{¶8} Persons accused of crimes are "bailable by sufficient sureties" and "[e]xcessive bail shall not be required." Section 9, Article I, Ohio Constitution. The purpose of bail is to secure the attendance of the accused at trial. *Jenkins v. Billy*, 43 Ohio St.3d 84, 85, 538 N.E.2d 1045 (1989). Habeas corpus is an extraordinary remedy. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 145, 637 N.E.2d 890 (1994). However, habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001).

{¶9} The burden of proof in a habeas corpus case alleging excessive bail is on the petitioner. *Id.* at 325. "In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." *Id.*

{¶10} Petitioner here has failed to meet his burden. The only statement in his application that even remotely approaches his burden in this regard is his broad conclusory assertion that the trial court "focused on the fact that other activity, unrelated to the charges leveled against the Petition and mere speculation to the Petitioner himself, were the basis of the Court's concern." (Petitioner's Application, ¶ 11.) This is insufficient.

{¶11} "[I]n order to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. * * * Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." *Id.* at 328. Like the petition in *Chari*, the petition here contains only "unsupported, legal conclusions, *i.e.,* that his bail is unlawful, excessive, and unconstitutional" and "allege[s] no facts that indicate either an abuse of discretion by the trial court or that appropriate grounds for

independent review exist by the court of appeals * * *." *Id.*

**{¶12}** As indicated, Petitioner has not stated with particularity the extraordinary circumstances entitling him to habeas corpus relief and that failure to do so is a sufficient basis alone to dismiss his application for the writ. Even assuming Petitioner has met his initial burden in this regard, Respondent contends various Crim.R. 46 factors nonetheless support the trial court's bail determination. Crim.R. 46 provides factors that a trial court weighs to determine the types, amounts, and conditions of bail:

(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;

(2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order.

Crim.R. 46(C).

**{¶13}** For his part, the only Crim.R. 46 factor Petitioner addressed at the bail hearing was the length of his residence in the community. His counsel asserted that Petitioner had been a resident of Steubenville for six years, evidenced by a lease and utilities in his name. Petitioner did not address any of the other Crim.R. 46 factors.

**{¶14}** Concerning the weight-of-the-evidence factor, the state asserted the crime had been videotaped which clearly identified Petitioner. Crim.R. 46(C)(2), (3). The record reflects that Petitioner failed to appear more than once for court hearings and failed to appear for a court-mandated sentencing evaluation. Crim.R. 46(C)(4). According to the state, Petitioner's failure to appear at one of the hearings was

precipitated by his travel to Chicago, which was a violation of his bond conditions. The trial court referenced Petitioner's criminal history, including his history with drugs, drug trafficking, and guns. The court also noted that it was concerned about "some retaliatory efforts."

**{¶15}** In sum, Petitioner has not introduced evidence to overcome the presumption of regularity attendant to the trial court's March 27, 2017 bail hearing. Accordingly, Petitioner's application for a writ of habeas corpus is dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Donofrio, J. concurs.

Waite, J. concurs.

Robb, P.J. concurs.