[Cite as *In re Frederick*, 2017-Ohio-8122.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re Thomas Frederick                    Court of Appeals No. S-17-037

**<u>DECISION AND JUDGMENT</u>**

Decided:  October 4, 2017

* * * * *

Christopher P. Fiegl, for petitioner.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on the petition of Thomas Frederick for a writ of habeas corpus.  For the reasons that follow, we find that the petition fails to satisfy the requirements of R.C. 2725.04, and is therefore fatally defective and must be denied.

{¶ 2} In his petition, Frederick, through counsel, states that he is imprisoned based upon a felony indictment in case No. 17-CR-282.  However, on September 20, 2017, the

trial court found Frederick to be incompetent to stand trial and not subject to being restored to competency within a one-year period of time. Thus, the trial court dismissed the indictment, and ordered that "jurisdiction over [Frederick] is transferred to the Sandusky County Court of Common Pleas, Probate Division for further proceeding pursuant to Ohio Revised Code 5122 or 5123." However, Frederick states that no civil commitment proceedings have been initiated against him in the probate court. Therefore, Frederick argues that he is wrongfully being held in custody, and demands that a writ of habeas corpus issue immediately against his illegal imprisonment by the Sandusky County Sheriff and the state of Ohio.

{¶ 3} R.C. 2725.04 provides the requirements for an application for a writ of habeas corpus:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
>
> (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

2.

(C) The place where the prisoner is so imprisoned or restrained, if known;

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 4} Here, we primarily note that the application is not "verified." "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, *by which one swears to the truth of the statements in the document*.'" (Emphasis added.) *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001), quoting Garner, *Black's Law Dictionary*, 1556 (7 Ed.1999). Where an application is not verified, it must be dismissed. *Id.* at 328 (application should have been dismissed because neither the petitioner nor his attorney expressly swore to the truth of the facts contained therein).

{¶ 5} In addition to the lack of verification, we further note that the application does not expressly name the person by whom Frederick is confined, and upon whom the writ should be served, although it does intimate that the person is the Sandusky County Sheriff. R.C. 2725.04(B). Similarly, the application does not state where the petitioner is imprisoned. R.C. 2725.04(C).

3.

**{¶ 6}** Accordingly, upon due consideration, Frederick's petition for a writ of habeas corpus is hereby denied without prejudice at petitioner's costs. Frederick may refile his petition to cure the foregoing deficiencies.

**{¶ 7} To the Clerk:  Manner of Service.**

**{¶ 8}** Serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Writ denied.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE