[Cite as *State ex rel. Hunter v. Clipper*, 2021-Ohio-884.]

STATE OF OHIO    )      IN THE COURT OF APPEALS
          )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

STATE OF OHIO EX REL. JOHN L.
HUNTER

   Petitioner

     v.

KIMBERLY CLIPPER, WARDEN

   Respondent

C.A. No.  20CA011704

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: March 22, 2021

---

PER CURIAM.

{¶1} Petitioner John Hunter has filed a petition for writ of habeas corpus asking this Court to order Respondent Kimberly Clipper, Warden of Lorain Correctional Institution, to release him from prison. Respondent has moved to dismiss. Because Mr. Hunter's petition does not comply with the mandatory requirements of R.C. 2969.25, and the requirements of R.C. 2725.04, this Court must dismiss this action.

*Mandatory filing requirements*

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Clipper is a government employee and Mr. Hunter, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*,

106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Hunter did not pay the cost deposit for filing this action. He wrote in his petition that "This filing is made in accordance with Ohio Revised Code Chapter 2969.25." R.C. 2969.25(C) applies when an inmate seeks a waiver of the prepayment of the filing fees, as it appears Mr. Hunter did here. This section requires the inmate to file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). Mr. Hunter failed to file an affidavit of indigency. He also did not file a statement of his inmate account. "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Hunter failed to comply with the mandatory requirements of R.C. 2969.25(C).

*Statutory Habeas Corpus requirements*

{¶4} Even if we could overlook Mr. Hunter's failure to comply with R.C. 2969.25, we must conclude that Mr. Hunter failed to comply with the statutory requirements for filing a petition for habeas corpus. R.C. 2725.04 imposes requirements on a petition for habeas corpus, including that the commitment papers be attached and that the petition be verified.

{¶5} The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), *quoting Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing

before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146.

{¶6} Further, a petition filed without any verification must be dismissed. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327. To meet the verification requirement, Mr. Hunter must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328.

{¶7} Mr. Hunter simply signed the petition. This does not rise to the level of a "formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does." *Id.* at 327, *citing Youngstown Steel Door Co. v. Kosydar*, 33 Ohio App.2d 277 (1973). Mr. Hunter did not make a formal declaration by which he swore to the truth of the statements in the document. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 35. Because the petition is not verified, it is defective and must be dismissed.

{¶8} Because Mr. Hunter did not comply with the mandatory requirements of R.C. 2969.25, or comply with the requirements of R.C. 2725.04, this case is dismissed. Costs are taxed to Mr. Hunter. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN L. HUNTER, Pro se, Petitioner.

DAVE YOST, Attorney General, and DANIEL J. BENOIT, Associate Assistant Attorney General, for Respondent.