[Cite as *Willis v. Cuyahoga Cty. Common Pleas Court*, 2022-Ohio-307.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

COURTNEY WILLIS,                          :

      Relator,                       :

                                  No. 111112

      v.                              :

CUYAHOGA COUNTY COMMON         :
PLEAS COURT,

                               :

      Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**RELEASED AND JOURNALIZED:** January 28, 2022

---

Writ of Habeas Corpus
Order No. 552166

---

***Appearances:***

Courtney Willis, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MARY EILEEN KILBANE, J.:

{¶ 1} On December 14, 2021, the petitioner, Courtney Willis, commenced this habeas corpus case against the respondent, the Cuyahoga County Court of Common Pleas. He avers that on April 18, 2018, his case was overturned by the

Eighth District Court of Appeals and that he still has not had his case reinstated as commanded by the journal entry. For the following reasons, this court dismisses the petition, sua sponte.

{¶ 2} In the underlying case, Cuyahoga C.P. No. CR-17-612954-A, a jury convicted him of three counts of burglary, three counts of criminal damaging, and one count each of theft and petty theft. He appealed on April 16, 2018. A clerical error caused the case to be docketed as two appeals: *State v. Willis,* 8th Dist. Cuyahoga No. 107070 and *State v. Willis*, 8th Dist. Cuyahoga No. 107071. On April 18, 2018, this court issued the following journal entry in Case No. 107071: "Sua sponte, due to clerical error, 107071 is dismissed as duplicative of 107070. Notice Issued." On the same day, the administrative judge of the common pleas court issued the standard order that

> this case [No. 107071] will remain with the court of appeals until 6/02/2018. If no other filing has tolled the time of appeal to the Ohio Supreme Court, the case will then be returned to the docket of the originating court by the administrative judge. No substantive action will be taken in this matter until the time for filing any post-judgment motion or appeal has expired and the case has been reinstated by the administrative judge.

On February 14, 2019, this court affirmed Willis's convictions. *State v. Willis*, 8th Dist. Cuyahoga No. 107070, 2019-Ohio-537.

{¶ 3} It is apparent that Willis has misinterpreted the April 18, 2018 orders. They did not overturn Willis's convictions. The first merely dismissed Case No. 107071 as duplicative of Case No. 107070. The common pleas court entry merely stated that no action would be taken on the case until the time for filing an appeal to

the Supreme Court of Ohio had passed, as well as any post-decision motions in the appellate case. Given the affirmance of his convictions, there is no further action to be taken at the trial-court level. Accordingly, Willis does not state a cause of action for habeas corpus or any other extraordinary writ.

{¶ 4} Willis did not verify his complaint for habeas corpus as mandated by R.C. 2725.04. The failure to verify a habeas corpus complaint is grounds for dismissal. *Chari v. Vore,* 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763. Nor did Willis comply R.C. 2969.25(C) that requires he file a poverty affidavit with the prison cashier's statement for the last six months.

{¶ 5} Accordingly, this court dismisses the petition for a writ of habeas corpus. Petitioner to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 6} Petition dismissed.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR