[Cite as *State v. Crain*, 2023-Ohio-4338.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2023 CA 0011 |
| BARBARA CRAIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2022 CR 0405


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 30, 2023


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JODIE SCHUMACHER                       BYRON CORLEY
PROSECUTING ATTORNEY                   3 North Main Street
38 South Park                          Suite 602
Mansfield, Ohio  44902                 Mansfield, Ohio  44902

*Wise, J.*

{¶1}    Appellant Barbara Crain appeals the judgment of the Richland County Court of Common Pleas denying the Motion to Suppress evidence. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    In June of 2022, Appellant was indicted on one count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(1)(a).

{¶3}    On September 19, 2022, Appellant filed a Motion to Suppress.

{¶4}    On December 27, 2022, the trial court held a hearing on Appellant's Motion to Suppress. Ultimately, the trial court denied Appellant's Motion to Suppress. Appellant did not file a transcript of the suppression hearing.

{¶5}    On January 6, 2023, Appellant entered a plea of no contest.

{¶6}    On January 26, 2023, Appellant entered a Substance Abuse Treatment Court Diversion Program.

## ASSIGNMENTS OF ERROR

{¶7}    Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶8}    "I. THE TRIAL COURT ERRED BY FAILING TO SUPPRESS THE EVIDENCE RELATED TO THE INDICTMENT BECAUSE THE TRAFFIC STOP WAS BASED ON A MISTAKE OF LAW."

**I.**

{¶9} In Appellant's sole Assignment of Error, Appellant argues the trial court erred by failing to suppress evidence because the traffic stop was based on a mistake of law. We disagree.

{¶10} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶11} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148,154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

{¶12} Three methods exist to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. *State v.*

*Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, an appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. (Citation omitted). *Curry* at 96.

{¶13} In the case *sub judice*, the record before us does not contain a transcript of the proceedings below as required by App.R. 9.

{¶14} A presumption of regularity attaches to all trial court proceedings. *See, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. Furthermore, it is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶15} Under the circumstances of the present case, absent a transcript or some other means under the Appellate Rules to assist us in ascertaining the totality of the evidence presented during the suppression hearing, Appellant has no grounds to overcome the presumption of regularity regarding the denial of Appellant's Motion to Suppress. As Appellant has failed to provide a transcript, we must presume the trial court duly acted therein.

{¶16} Accordingly, Appellant's sole Assignment of Error is overruled.

{¶17} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br  1129