[Cite as *State ex rel. Hale v. Spatny*, 2024-Ohio-5146.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. JOSHUA E. HALE

    Petitioner

    v.

JERRY SPATNY, WARDEN

    Respondent

C.A. No.     24CA012133

ORIGINAL ACTION IN
HABEAS CORPUS

Dated:  October 28, 2024

PER CURIAM.

**{¶1}** Petitioner Joshua E. Hale has filed a petition for writ of habeas corpus asking this Court to order Respondent Jerry Spatny, Warden of Grafton Correctional Institution, to release him from prison.  Respondent has moved to dismiss arguing, among other things, that the petition is not verified.  Mr. Hale has not responded to the motion to dismiss.  Because Mr. Hale failed to verify his petition, as required by R.C. 2725.04, this case must be dismissed.

**{¶2}** R.C. 2725.04 imposes requirements on a petition for habeas corpus, including, for example, that the commitment papers be attached and that the petition be verified.  The Supreme Court has held that a petition filed without verification must be dismissed.  *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001).  "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327.  To meet the verification requirement, Mr. Hale must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328.

**{¶3}** Mr. Hale signed his petition. He also signed a page titled "VERIFICATION" which included the following statement:

> I declare and verify under penalty of perjury under the laws of Ohio and of the United States of America that the foregoing is true and correct.

**{¶4}** Although Mr. Hale signed below this declaration, that was not sufficient to comply with the verification requirement of R.C. 2725.04. "To be properly verified, a declaration must be sworn in the presence of an authorized officer, such as a notary public." *State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 12. A purported verification that is not notarized does not comply with the statute's verification requirement. *Hawkins v. S. Ohio Correctional Facility*, 2004-Ohio-2893, ¶ 4. Because the petition is not verified as required by R.C. 2725.04, it is defective and must be dismissed.

**{¶5}** Mr. Hale's petition for writ of habeas corpus did not comply with the requirements of R.C. 2725.04. Accordingly, this case is dismissed.

**{¶6}** Costs are taxed to Mr. Hale. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

---

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOSHUA E. HALE, Pro se, Petitioner.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent.