**[Cite as *Thomson v. State*, 2026-Ohio-543.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Respondent

    v.

JASEN ERIK THOMSON

    Petitioner

C.A. No.    31824

ORIGINAL ACTION IN HABEAS CORPUS

Dated: February 18, 2026

PER CURIAM.

{¶1} Petitioner, Jason Erik Thomson, has petitioned this Court for a writ of habeas corpus seeking an emergency release from custody and a "modified/commuted lesser sentence of time served" because of health problems. For the following reasons, this case must be dismissed.

{¶2} R.C. 2725.04 imposes requirements on a petition for habeas corpus, including that the commitment papers be attached and that the petition be verified. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). The petition does not include Mr. Thomson's commitment papers as an attachment. This is an adequate basis to dismiss the petition.

{¶3} The Supreme Court has also held that a petition filed without verification must be dismissed. *Chari*, 91 Ohio St.3d at 328. "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327. To meet the verification requirement, Mr. Thomson must

have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328. Although Mr. Thomson signed the petition, he did not swear to the truth of the facts in the complaint, so the petition was not verified. *See, e.g., State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 12. Because the petition is not verified as required by R.C. 2725.04, it is defective and must be dismissed.

{¶4} The petition must also demonstrate that there is an unlawful restraint of petitioner's liberty and that petitioner is entitled to immediate release from confinement. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Thomson's petition fails to allege an unlawful restraint or that he is entitled to immediate release. Instead, the petition seeks Mr. Thomson's early release from confinement. This relief is not available by a writ of habeas corpus.

{¶5} Mr. Thomson's petition is fatally defective. Accordingly, this case must be dismissed.

{¶6} The case is dismissed. Costs of this action are taxed to Mr. Thomson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JASEN ERIK THOMSON, Pro Se, Petitioner.