[Cite as *Smith v. Eppinger*, 2020-Ohio-319.]

STATE OF OHIO     )              IN THE COURT OF APPEALS

                  )ss:         NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN    )

EDWARD SMITH

     Petitioner

     v.

LASHANN EPPINGER, WARDEN

     Respondent

C.A. No.    19CA011528

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: February 3, 2020

PER CURIAM.

{¶1} Petitioner, Edward Smith, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Eppinger, to release him from custody. Warden Eppinger has moved to dismiss. For the following reasons, this Court dismisses the petition.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d

389, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we begin with the facts alleged in the petition.

{¶3}   According to Mr. Smith's petition, he was convicted of murder and sentenced, in 1999, to serve 15 years to life following a 3-year sentence for a gun specification.  He has alleged that the trial court lacked jurisdiction.  In his petition, he has relied on the trial court's sentencing entry and a portion of the transcript of proceedings from his trial.

{¶4}   The transcript he has relied on is from the testimony of one witness, an FBI agent related to the victim who happened to be visiting at the time of the murder.  The agent assisted with the investigation and testified about how he was involved in locating Mr. Smith shortly after the murder.  Mr. Smith has focused on the agent's testimony that Mr. Smith had a gun when the agent found him.

{¶5}   Mr. Smith has alleged that he was not indicted for a crime related to this testimony.  He has concluded, therefore, that the trial court lacked jurisdiction to convict him in the absence of a formal charge through an indictment.  He has asked this Court to declare him innocent and order his release from prison.

{¶6}   State habeas corpus relief is available in specific, extraordinary circumstances.  R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action.  The petitioner must file a petition that contains specific, required, information.  If this Court concludes that the petition states a facially valid claim, it must allow the writ.  R.C. 2725.06.  On the other hand, if the petition fails to state a claim, this Court should dismiss the petition.  *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).  For this Court to

grant the writ, Mr. Smith must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996).

{¶7} As noted above, to dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of Mr. Smith, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). In the absence of a patent and unambiguous lack of jurisdiction, a trial court with general subject matter jurisdiction can determine its jurisdiction and an adequate remedy at law can be obtained through an appeal of that decision. *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, ¶ 9.

{¶8} Mr. Smith has alleged that he was not indicted for an offense that could have been charged based on the FBI agent's testimony. Taking this allegation as true, it is insufficient to warrant habeas corpus relief. He has not alleged that the judgment of conviction and sentence is void due to lack of jurisdiction. Nor has he alleged that the warden has unlawfully restrained him.

{¶9} Mr. Smith has asked this Court to grant the writ of habeas corpus, declare him innocent, and order his release from custody. It would be beyond this Court's

authority, pursuant to R.C. Chapter 2725, to declare a person innocent in the context of granting a writ of habeas corpus. That chapter authorizes a court to grant relief if the petitioner shows that his confinement is the result of an unlawful restraint of his liberty or that the judgment of conviction is void due to lack of jurisdiction. *Pegan*, 76 Ohio St.3d at 99-100. Mr. Smith has failed to present allegations in his complaint that would warrant habeas corpus relief.

{¶10} The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Smith. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

EDWARD SMITH, Pro Se, Petitioner.

DAVE YOST, Attorney General, and M. SCOTT CRISS, Assistant Attorney General, for Respondent.