[Cite as *State ex rel. Callahan v. Eppinger*, 2020-Ohio-4345.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO, ex rel.
ANTONIO CALLAHAN

    Appellant

    v.

LASHANN EPPINGER, Warden

    Appellee

C.A. No.    19CA011594

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19 CV 198582

DECISION AND JOURNAL ENTRY

Dated: September 8, 2020

TEODOSIO, Judge.

{¶1}    Appellant, Antonio Callahan, appeals from the trial court's judgment in the Lorain County Court of Common Pleas granting a motion to dismiss his petition for a writ of habeas corpus. This Court affirms.

I.

{¶2}    Mr. Callahan is presently in the custody of LaShann Eppinger, Warden at the Grafton Correctional Institution. In August of 1991, Mr. Callahan was convicted of offenses spanning five separate cases: CR-266360 (attempted aggravated robbery), CR-264747 (felonious assault), CR-263268 (drug abuse), CR-267838 (drug abuse), and CR-261263 (drug abuse). His sentences were ordered to be served concurrently with each other, for a total aggregate prison term of three to fifteen years. He was released on parole in 1994, but was then convicted of a new offense in case number CR-320350 (involuntary manslaughter with a firearm specification). He was sentenced to an indefinite term of five to twenty-five years in prison, to be served

consecutively to a three-year term for the firearm specification and consecutively to his sentences in CR-266360 and CR-264747. In January of 2007, Mr. Callahan was once again released on parole. He was then convicted of fourteen new offenses in case number CR-07-497685-A (sexual battery and abduction) and sentenced to ten years in prison.

{¶3} In July of 2019, Mr. Callahan filed a petition for a writ of habeas corpus in the trial court, claiming his maximum prison sentence expired in October of 2018, therefore entitling him to an immediate release from unlawful custody. Mr. Eppinger filed a motion to dismiss the petition, arguing that (1) Mr. Callahan failed to attach copies of all of his commitment papers to his petition, specifically case numbers CR-261263, CR-263268, and CR-267838, as required under R.C. 2725.04(D), and (2) Mr. Callahan's maximum sentence had not expired and will not expire until 2034. Mr. Callahan filed a memorandum contra to Mr. Eppinger's motion to dismiss, arguing that he did not include certain commitment papers because the sentences for those cases already expired and are "not related in any way to any sentence under which [he] is allegedly committed." The trial court found that Mr. Callahan's sentences had not expired, granted Mr. Eppinger's motion to dismiss the petition and, consequently, dismissed Mr. Callahan's petition for a writ of habeas corpus.

{¶4} Mr. Callahan now appeals from the trial court's judgment and raises two assignments of error for our review. Because our analysis is dispositive of the appeal as a whole, we have consolidated Mr. Callahan's assignments of error for review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ERRONEOUSLY DETERMINING THAT APPELLANT IS SUBJECT TO THE AUTHORITY OF THE OHIO ADULT PAROLE AUTHORITY AND

ERRONEOUSLY DETERMINING THAT HIS MAXIMUM SENTENCE HAS NOT EXPIRED. * * *

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF AS APPELLANT'S MAXIMUM UNLAWFUL TERM OF IMPRISONMENT HAS EXPIRED.

{¶5} In his assignments of error, Mr. Callahan argues that the trial court erred in several respects by granting the motion to dismiss his petition for a writ of habeas corpus. Although the trial court granted the motion to dismiss and dismissed his petition on the merits, we agree that dismissal of the petition was proper for different reason.

{¶6} "State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action." *Smith v. Eppinger*, 9th Dist. Lorain No. 19CA011528, 2020-Ohio-319, ¶ 6. The Supreme Court of Ohio has held that "[t]o be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement[.]" *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. "The proceedings upon a writ of habeas corpus * * * may be reviewed on appeal as in other cases." R.C. 2725.26. This Court reviews a trial court's decision to grant a motion to dismiss de novo. *Cotton v. Anderson*, 9th Dist. Lorain No. 04CA008536, 2005-Ohio-994, ¶ 11, citing *Niepsuj v. Summa Health Sys.*, 9th Dist. Summit Nos. 21557 and 21559, 2004-Ohio-115, ¶ 5.

{¶7} "A petition for a writ of habeas corpus must include '[a] copy of the commitment or cause of detention of such person.'" *State ex rel. Cannon* at ¶ 6, quoting R.C. 2725.04(D). "To comply with this rule, an inmate must attach *all* pertinent papers that caused his commitment, including sentencing entries and parole-revocation decisions." (Emphasis added.) *Id.* Because "'commitment papers are necessary for a complete understanding of the petition,'" the omission

of commitment papers is a fatal defect. *Gaston v. Bauders*, 9th Dist. Wayne No. 20AP0001, 2020-Ohio-2669, ¶ 6, quoting *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "'When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.'" *Id.,* quoting *Brown* at 341, quoting *Bloss* at 146. Furthermore, a belated filing of commitment papers does not cure the failure to attach them to a petition for a writ of habeas corpus. *See State ex rel. Jackson v. Sloan*, 150 Ohio St.3d 14, 2016-Ohio-5106, ¶ 8.

{¶8} Here, Mr. Callahan failed to attach to his petition the commitment papers for several of his cases, e.g., CR-261263, CR-263268, and CR-267838. In the absence of such documentation, it was impossible for the trial court to have a complete understanding of his claims. *See State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, ¶ 8. We further find no merit in his argument to the trial court that these omitted cases are irrelevant and not related to his other sentences, as the records Mr. Callahan did attach to his petition demonstrate the opposite. *See State ex rel. Miller v. May*, Slip Opinion No. 2020-Ohio-3248, ¶ 11. The sentencing entries for case numbers CR-264747 and CR-266360, specifically, order the sentences in those cases to run concurrently to the sentences imposed in case numbers CR-263268 and CR-267838. Thus, at a minimum, Mr. Callahan had to provide records regarding any sentences imposed in those cases. *See id.*

{¶9} Consequently, because Mr. Callahan's petition for a writ of habeas corpus was defective on its face, *see State ex rel. Cannon*, 155 Ohio St.3d 213, 2018-Ohio-4184, at ¶ 10, we conclude that the trial court did not err in granting the motion to dismiss it.

{¶10} Mr. Callahan's first and second assignments of error are overruled.

III.

{¶11} Mr. Callahan's first and second assignments of error are both overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ANTONIO CALLAHAN, pro se, Appellant.

DAVID YOST, Attorney General, and M. SCOTT CRISS, Assistant Attorney General, for Appellee.