[Cite as *In re Burns*, 2022-Ohio-2911.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE:  MICHAEL BURNS

      Petitioner

C.A. No.     22CA011877

ORIGINAL ACTION IN
HABEAS CORPUS

Dated:  August 22, 2022

PER CURIAM.

{¶1}   Petitioner Michael Burns has filed what appears to be a petition for writ of habeas corpus.  The "petition" is captioned "State Habeas" and it asks for Mr. Burns' release from prison.  It does not contain a case caption or list any parties as petitioner or respondent.  The petition alleges error in his postrelease control revocation hearing and order such that he will not be released until December 2022 rather than October 2022.  Mr. Burns' petition fails to comply with the requirements of R.C. 2725.04 for a writ of habeas corpus and this Court must dismiss this case.

{¶2}   Mr. Burns failed to comply with the statutory requirements for filing a petition for habeas corpus.  R.C. 2725.04 imposes requirements on a petition for habeas corpus, including that the commitment papers be attached and that the petition be verified.

{¶3}   The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), *quoting Bloss v. Rogers*, 65 Ohio

St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146.

{¶4} Further, a petition filed without any verification must be dismissed. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at 327. To meet the verification requirement, Mr. Burns must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328.

{¶5} Mr. Burns did not even sign the petition. There was no "formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does." *Id.* at 327, *citing Youngstown Steel Door Co. v. Kosydar*, 33 Ohio App.2d 277 (1973). Mr. Burns did not make a formal declaration by which he swore to the truth of the statements in the document. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 35. Because the petition is not verified, it is defective and must be dismissed.

{¶6} We note that Mr. Burns also failed to comply with the mandatory requirements of R.C. 2969.25, which provides another basis for dismissal of this case. Because he failed to name a respondent, however, and the petition failed to comply with the habeas corpus statutory requirements, this Court will not further address his failure to comply with R.C. 2969.25.

{¶7} Because Mr. Burns did not comply with the requirements of R.C. 2725.04, this case is dismissed. Costs are taxed to Mr. Burns. The clerk of courts is hereby directed to serve

upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See*

Civ.R. 58.

_____
JENNIFER L. HENSAL
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL BURNS, Pro se, Petitioner.