[Cite as *State ex rel. Woodley v. State*, 2023-Ohio-4073.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jamal F. Woodley, Sr., | : | |
| Petitioner, | : | |
| | : | No. 23AP-249 |
| v. | : | (REGULAR CALENDAR) |
| State of Ohio, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on November 9, 2023

**On brief:** *Jamal F. Woodley, Sr.*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Seth L. Gilbert*, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

BOGGS, J.

{¶ 1} On April 24, 2023, petitioner, Jamal F. Woodley, Sr., brought this original action requesting that this court issue a writ of habeas corpus ordering respondent, the State of Ohio, to show cause for Woodley's detention on a bond of $200,000 that has been revoked. Woodley also filed a motion for appointment of counsel. On May 17, 2023, the State of Ohio filed a motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that Woodley's petition failed to comply with several requirements. Woodley did not submit with his petition commitment papers, including documents related to his sentencing, his release on bond, and the bond revocation. Woodley also fails to name a proper respondent and did not

include a verification. Thus, the magistrate recommended that this court dismiss petitioner's writ of habeas corpus.

{¶ 3} We agree with, and petitioner has not filed objections to, the magistrate's conclusion that Woodley's failure to include with his petition commitment papers, as required under R.C. 2725.04(D), failure to include verification, as required under R.C. 2725.04, and failure to name a proper respondent, as required under R.C. 2725.04(B), are fatal to his claim, and constitute grounds for dismissal.

{¶ 4} Following our review of the magistrate's decision, we find the magistrate properly determined the pertinent facts and applied the appropriate law. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we dismiss this action.

*Petition for writ of habeas corpus dismissed.*

BEATTY BLUNT, P.J. and DORRIAN, J., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jamal F. Woodley, Sr., | : | |
| Petitioner, | : | |
| v. | : | No.  23AP-249 |
| State of Ohio, | : | |
| | | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 31, 2023

*Jamal F. Woodley, Sr.*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Seth L. Gilbert*, for respondent.

IN HABEAS CORPUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}    Petitioner, Jamal F. Woodley, Sr., has filed this original action requesting that this court issue a writ of habeas corpus, naming State of Ohio as respondent. Respondent has filed a motion to dismiss the petition. Petitioner has also filed a motion for appointment of counsel.

Findings of Fact:

{¶ 6}    1. In his petition, petitioner alleges he is an inmate in the custody of Franklin County Correctional Center II ("FCCCII"). FCCCII is a correctional facility operated by Franklin County and located in Columbus, Ohio.

{¶ 7}    2. The respondent named in the case caption is State of Ohio.

{¶ 8}    3. On April 24, 2023, petitioner filed the present petition for a writ of habeas corpus. In his petition, petitioner alleges the following: (1) he has been incarcerated at FCCCII since March 24, 2022, on driving-under-the-influence ("D.U.I.") charges; (2) he is being held on a bond of $200,000; (3) he has been able to make the $200,000 bond; (4) the bond has been revoked because he was being held on the D.U.I. charge that he has not been sanctioned for; and (5) his probation officer has no holder against him. Petitioner prays that this court issue a writ of habeas corpus commanding that respondent appear before the court to show cause if any, for petitioner's detention on a bond of $200,000 that has been revoked. Petitioner further states in his petition that his availability for any other charges has exceeded time limits.

{¶ 9}    4. Petitioner attaches to his petition: (1) a Columbus Bar Association grievance form he filed against his attorney; (2) a Whitehall Police Department Arrest Report, indicating his arrest on March 24, 2022, and his release to Franklin County jail; (3) a City of Whitehall – Division of Police – Arrest Information form, indicating his arrest for possession of drugs, in violation of R.C. 2925.11(A), and operation of a vehicle under the influence, in violation of R.C. 4511.19; and (4) a one-page excerpt (page 59) from a hearing transcript that references the revocation of a bond on certain other cases and the desire for petitioner's attorney to hear from the probation officer.

{¶ 10}  5. On May 9, 2023, petitioner filed a motion for appointment of counsel.

{¶ 11}  6. On May 17, 2023, respondent filed a motion to dismiss the petition.

Conclusions of Law:

{¶ 12}  The magistrate recommends that this court find petitioner's writ of habeas corpus is not allowed and grant respondent's motion to dismiss the writ.

{¶ 13}  A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson*

*v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, ¶ 13.

{¶ 14} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. Application is by petition that contains certain information. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-09 (1995), citing R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id.* If the court allows the writ, the clerk issues it, and service may be by a sheriff or other person deputized by the court. *Id.*, citing R.C. 2725.07 and 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668 (1992), fn. 7.

{¶ 15} In the present case, after a review of petitioner's petition, the magistrate finds it fails to comply with several requirements, necessitating dismissal. A petitioner filing a writ of habeas corpus must file commitment papers with his petition, as required by R.C. 2725.04(D). These papers must be included with the petition and noncompliance is fatal to a habeas claim. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82. It is well established that a petitioner must strictly comply with the requirements for filing a petition for habeas corpus and the failure to do so is grounds for dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271. Compliance is mandatory and cannot be cured after filing. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 2; *Boyd v. Money*, 82 Ohio St.3d 388 (1998).

{¶ 16} The Supreme Court of Ohio has acknowledged the necessity and importance of these papers:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing

> before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).

{¶ 17} Here, petitioner has attached a Whitehall Police Department Arrest Report, indicating his arrest on March 24, 2022, and his release to Franklin County jail; and a City of Whitehall – Division of Police – Arrest Information form, indicating his arrest for possession of drugs, in violation of R.C. 2925.11(A), and operation of a vehicle under the influence, in violation of R.C. 4511.19. However, petitioner has failed to attach any documents relating to his sentencing, his release on bond, or the bond revocation he refers to in his petition. Petitioner's petition also includes three criminal case numbers, and there are no sentencing entries or other documents attached relating to each of these cases. The petition does not make clear how these criminal cases are interrelated and impact his habeas action. This lack of commitment papers renders petitioner's petition fatally defective and subject to dismissal. *See State ex rel. Glover v. May*, 5th Dist. No. 2020 CA 0028, 2020-Ohio-3353, ¶ 11 (failure to attach commitment papers, including parole papers, parole-revocation documents, sentencing entries, parole/probation or release documentation renders the petition for habeas corpus fatally defective and subject to dismissal). *See also Hargrove v. Bobby*, 7th Dist. No. 22 MA 0121, 2023-Ohio-1474, ¶ 10 (habeas corpus petition failed to comply with R.C. 2725.04(D) when it did not include the commitment paper memorializing the sentence he received in the common pleas court); *State ex rel. Missimer v. Forshey*, 7th Dist. No. 22 NO 0495, 2022-Ohio-4759, ¶ 7 (to comply with R.C. 2725.04(D), a petitioner must attach all pertinent papers regarding his commitment, including sentencing entries and parole-revocation decisions), citing *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 6. Without these commitment papers, it is not possible to conduct a preliminary evaluation of the nature of petitioner's claim or gain a complete understanding of the petition. Therefore, petitioner's original action for a writ of habeas corpus must be dismissed on this basis.

{¶ 18} Furthermore, petitioner fails to name a proper respondent. Pursuant to R.C. 2725.04(B), a petition for a writ of habeas corpus must specify "the person by whom the prisoner is so confined or restrained." The proper party in a petition for habeas corpus is the jailer or warden who presently has legal custody of the individual. *State ex rel.*

*Davis v. Wilson*, 11th Dist. No. 2003-T-0049, 2003-Ohio-2840; *Lucero v. State*, 11th Dist. No. 97-A-0085 (Mar. 13, 1998), citing *In re Striker*, 101 Ohio App. 455 (5th Dist.1956), paragraph one of the syllabus (petition for a writ of habeas corpus must be directed to somebody allegedly responsible for the illegal detention and custody of the petitioner; in most cases, the proper respondent in a habeas corpus action would be the jailer or warden of the penitentiary); *State v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. No. 108974, 2019-Ohio-3782, ¶ 4 (pursuant to R.C. 2725.04(B), the writ will lie against only the individual who is directly responsible for keeping the petitioner in custody). Failure to name a proper respondent is a sufficient basis for dismissal of a habeas petition. *See State ex rel. Sherrills v. State*, 91 Ohio St.3d 133 (2001); *Nash v. Mason*, 8th Dist. No. 84250, 2004-Ohio-1686, ¶ 6 (failure to name the officer or person who is charged with custody is sufficient grounds to dismiss the petition).

{¶ 19} Here, petitioner names the State of Ohio as respondent in the case style, but the State of Ohio is not the individual, jailer, or warden who had legal custody of petitioner and was directly responsible for keeping him in custody. Although in the body of the petition, petitioner states Dallas Baldwin as the individual detaining him, such is insufficient given the defective case caption. *See State v. Troupe*, 8th Dist. No. 109471, 2020-Ohio-931, ¶ 2 (petition for writ of habeas corpus listing the State of Ohio in the case caption is insufficient to comply with R.C. 2725.04); *State v. Lucas*, 8th Dist. No. 107978, 2019-Ohio-550, ¶ 7 (habeas corpus petition failed to comply with R.C. 2725.04(B) because petitioner named State of Ohio as respondent in the petition, and the caption failed to set forth the individual who maintained custody over the petitioner); *State v. Willeke*, 5th Dist. No. 12-CA-1, 2012-Ohio-1755, ¶ 2 (because petitioner captioned respondent as State of Ohio in his habeas corpus petition, the petitioner failed to name a proper respondent pursuant to R.C. 2725.04); *Smith v. State*, 7th Dist. No. 11 NO 384, 2012-Ohio-1148, ¶ 1, citing *Sherrills* (finding the State of Ohio is not a proper defendant in a habeas proceeding).

{¶ 20} A petition for writ of habeas corpus must also contain a verification, and lacking such verification, the petition must be dismissed. *Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id*. at 327. To meet the verification requirement, the

petitioner must have expressly sworn to the truth of the facts contained in the petition. *Id.* at 328. Here, however, although the petition was notarized by a notary public, petitioner made no formal declaration by which he swore to the truth of the statements in the document. Petitioner merely signed the petition, "Respectfully submitted." Because the petition is not verified, it is defective and must be dismissed. *In re Burns*, 9th Dist. No. 22CA011877, 2022-Ohio-2911, ¶ 5, citing *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 35.

{¶ 21} A court may sua sponte dismiss a petition for writ of habeas corpus when it does not contain " 'a facially valid claim.' " *Troupe* at ¶ 12, quoting *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 7. The failure to comply with the barest procedural requirements of R.C. 2725.04, means a petitioner has not presented a facially valid claim. *Id.*, citing *In re Evans*, 8th Dist. No. 108316, 2019-Ohio-1129, ¶ 10. Here, petitioner has failed to comply with the requirements of R.C. 2725.04(B) and (D).

{¶ 22} In addition, Civ.R. 10(A) requires that a complaint include the names and addresses of all parties in the case caption. Petitioner failed to include any addresses in the case caption, and this violation of Civ.R. 10(A) provides sufficient grounds to dismiss his request for a writ of habeas corpus. *See Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305. Therefore, petitioner's petition must also be dismissed on this basis.

{¶ 23} Finally, petitioner's May 9, 2023, motion for appointment of counsel is denied. There is no constitutional right to the appointment of counsel in a habeas corpus action. *See Campbell v. Wolfe*, 7th Dist. Case No. 291 (Oct. 29, 2001) (actions in habeas corpus are civil proceedings and provided by statute, and there is no statutory or constitutional right to the assistance of counsel in such civil proceeding).

{¶ 24} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss petitioner's complaint for writ of habeas corpus and deny petitioner's motion for appointment of counsel.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).